# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Case No.: _____

MICHAEL D. MCGAHUEY, JR.

       Plaintiff,

vs.

HAINES CITY, FLORIDA, a Political Entity

       Defendant

_____/

## CIVIL COMPLAINT AND JURY DEMAND

Michael D. McGahuey, Jr., hereinafter referee to "Plaintiff"), files this Complaint against Haines City, Florida, Defendant herein, and alleges:

### PARTIES

1. Plaintiff, Michael D. McGahuey, Jr., an individual, resides in POLK COUNTY, Florida.

2. Defendant, Haines City, Florida, a Political Entity, which operates the Haines City Fire Department, has a principal place of business at 620 E Main Street, Haines City, in Polk County, Florida.  The fire department's principal place of business is at 138 North 11th Street, Haines City in Polk County, Florida.

### JURISDICTION AND VENUE

3. This is an action by Plaintiff against Defendant for whistleblower violation, racial discrimination and retaliation in accordance with Section 26.012(2)(a) of the Florida Statutes. This action is a matter within the jurisdiction of the court pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. sec 2000 (et. Seq) (hereinafter referred to as "Title VII") and the Discrimination in Employment Act of 1967 (hereinafter referred to as "ADEA").

4. Venue is appropriate in the United States District Court for the Middle District of Florida because Defendant operates in the District, Defendant had a principal address in the District, and the acts or omissions related to Plaintiff's cause of action arose in the District.

5. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. §1331 as the matter in controversy is brought pursuant to Title VII and the ADEA.

6. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

7. Jurisdiction is proper in this action under Section 47.011 of the Florida Statutes because whistleblower violation, racial discrimination and retaliation giving rise to this action occurred in this county.

8. Plaintiff filed a complaint against Defendant on July 2, 2019, with the Equal Employment Opportunity Commission (Hereinafter "EEOC").

9. Plaintiff's EEOC Charges of Discrimination alleged violations of Title VII and the ADEA based on retaliation on the basis of race, discrimination and retaliation.

10. Plaintiff's case was closed by the EEOC on July 25, 2019, and Plaintiff's Notices of Right to Sue are attached herein.

11. A Plaintiff in a Title VII and ADEA case cannot file a lawsuit without a Notice of Right to Sue, and a Plaintiff must file their case within ninety (90) days of receiving the Notice.

12. All conditions precedent to the filing of suit have been performed or have occurred, as Plaintiff's Complaint is being filed within that 90-day statutory period.

## FACTS IN SUPPORT OF CLAIMS

13. Plaintiff, a forty-eight year old, white male, was employed as a Battalion Chief at Haines City Fire Department.  Defendant has two stations and responds to more than 4,000 calls a year for service in the twenty-one square miles of Haines City, Florida, and a fifty-four square mile service area.

14. Plaintiff is an employee as defined by §448.101(2), Fla. Stat., and is further protected under §448.102 because:   the Plaintiff provided information to the United States Equal

DocuSign Envelope ID: 2D0092ZE-9D90-4B7B-98FA-39EF2240D117

Employment Commission (EEOC), which was conducting an investigation into alleged violations of law or rules or regulations at the Defendant's place of business. Thus, Plaintiff assisted in an investigation as envisioned by § 448.102(2).

15. At all relevant times, Defendant was an employer as envisioned by §448.101(3), Fla. Stat. and operating under color of state law by operating under the State of Florida for emergency medical state-operated services.

**COUNT 1**
**PROVIDING INFORMATION**

16. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 15.

17. Plaintiff witnessed several statutory violations including but not limited to the improper storage of patient vitals and medical records, and wrongful disclosure of individually identifiable health information.

18. Plaintiff objected to and refused to participate in the activities described above. Plaintiff sent a letter to the Fire Chief via email correspondence on May 14, 2019, detailing his observations and concerns. Plaintiff followed the email correspondence with a letter to the Haines City Attorney, Fred Reilly, on June 18, 2019.

19. Plaintiff objected verbally and in writing. Plaintiff gave written notice to employer of the activity, policy, and practices in violation of existing state statutes and the Health Insurance Portability and Accountability Act of 1996 (HIPAA violations), thereby giving employer reasonable opportunity to investigate and correct the said activities, policies and practices.

20. The conduct and conditions described herein constituted violations of various criminal statutes, including the provisions of the Florida Statutes Section 458.331(1)(m), and Sections 1176 and 1177 of the Act, 42 U.S.C. 1320d-5 and 6; as well as various civil statutes, rules and regulations applying to the Defendant.

21. On or about June 6, 2019, Fire Chief Davidson contacted Plaintiff in regard to the alleged violations on how the Emergency Medical Service reports were being completed, including improper documentation of the medical professionals on all written reports. The

Fire Chief Davidson advised that there had been communications with county officials whom stated that Polk County Fire Department would assist in providing proper electronic documentation.

22. Plaintiff told the Chief Davidson that even if the county produced the electronic program and tablets, the changes would not be able to be completed for months while the violations would still occur.   Plaintiff urged more action from the department to resume statutory compliance.

23. Upon information and belief, the Defendant knew of Plaintiff's disclosures as stated in the preceding paragraph.

24. On July 12, 2019, Plaintiff was terminated from his employment.

25. Plaintiff's termination was in retaliation for his "whistleblower" activities, and would not have occurred but for such activities.

26. Defendant's actions in terminating Plaintiff's employment violated Plaintiff's rights under §448.102(2), Fla. Stat.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## COUNT 2
## TERMINATION

27. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 26.

28. Defendant's actions in terminating Plaintiff's employment violated his rights under §448.102(3), Fla.Stat.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## COUNT 3
## DISCRIMINATION ON THE BASIS OF RACE UNDER THE ADEA

29. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 28.

30. Defendants violated the ADEA by treating Plaintiff in a disparate manner based on his race and age.

31. This action is also filed under the Florida Civil Rights Act, Sections 760.01 to 760.11, Florida Statues, to recover for Defendant's unlawful discrimination on the basis of race.

32. Defendant, Haines City Fire Department, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of his race.

33. Plaintiff was treated differently than his younger co-workers of a different race. Plaintiff's younger co- workers were not subject to the same discrimination that Plaintiff faced.

34. Defendant did not have sufficient justification for its action absent treatment based upon.

35. Defendant, Haines City Fire Department, by and through Defendant's agents, discriminated against Plaintiff in connection with the terms, conditions and privileges of employment and classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race in violation of the Florida Civil Rights Act.

36. The employment practices of Defendant, Haines City Fire Department, by and through Defendant's agents, had a disparate and adverse impact on Plaintiff because of his race. Such employment practices were not based on any reasonable factor other than race.

37. Plaintiff alleges that Defendant, Haines City Fire Department, by and through Defendant's agents, discriminated against Plaintiff on the basis of his race with malice or with reckless indifference to the state-protected rights of Plaintiff.

38. Defendant's conduct as alleged at length constitutes discrimination in violation of the ADEA.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, and for

such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## COUNT 4
## RETALIATION ON THE BASIS OF RACE UNDER TITLE VII

39.  Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 38.

40.  Plaintiff alleges that Defendant, Haines City Fire Department, instituted a campaign of retaliation which included false, accusatory and inflammatory statements regarding Plaintiff's prior criminal record.  This retaliation was and is due to Plaintiff exercising his rights by reporting violations of federal and state statutes by Defendant and its agents.  Plaintiff suffered damages for which Plaintiff herein sues.

41. After Plaintiff's protected EEOC Charge, Defendant's treatment of Plaintiff and his condition was continued and even enhanced, in retaliation for Plaintiff's protected Complaint and Charge.

42. Employers under Title VII and the ADEA are prevented from taking adverse employment action against employees who engage in protected activity such as the filing of an EEOC Charge.

43. Plaintiff was singled out and harassed by his superiors after his Charge was filed, despite Plaintiff's work performance.

44. Plaintiff did not have any write-ups or disciplinary issues that would have justified his  mistreatment, absent retaliation by Defendant.

45. Defendant's conduct as alleged at length constitutes retaliation in violation of ADEA.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## PRAYER FOR SPECIFIC RELIEF

Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

Prohibit by injunction the Defendant from engaging in unlawful employment practices as defined in the Florida Civil Rights Act, Title VII and the ADEA;

DocuSign Envelope ID: 2D0092ZE-9D90-4B7B-98FA-39EF2240D117

Rehire Plaintiff and Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

Reinstate all benefits to which Plaintiff was entitled but for the unlawful employment actions of Defendant;

Reinstate Plaintiff to the position of seniority which Plaintiff held before the unlawful employment actions of Defendant[s]; and

Prohibit by injunction the Defendant from engaging in tortious commentary that is injurious to Plaintiff's reputation and potential employment.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

### DEMAND FOR ATTORNEY'S FEES

Plaintiff has employed Rasheed Karim Allen for representation in this action, and has agreed to pay a reasonable attorney fee to Rasheed Karim Allen.

Plaintiff is entitled to recover reasonable attorney's fees incurred in connection with this action pursuant to Section 112.3187 of the Florida Statutes and 42 U.S.C. § 2000e-5(k).

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial of this action by jury.

### DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff demands a jury trial of this action, and further demands judgment against Defendant for compensatory damages; and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled, including back wages and benefits, seniority and prospective relief, and front pay.

Respectfully submitted on September 23, 2019

ALLEN & DAWSON, PLLC.
189 S. Orange Avenue, Suite 1530-B

DocuSign Envelope ID: 2D0A927E-9D90-4B7B-98FA-39EF2240D117

Orlando, Florida  32801
Telephone: (407) 986-2092
E-Mail: rasheed@allen-dawson.com
Secondary E-Mail: shonta@allen-dawson.com

DocuSigned by:

*Rasheed Karim Allen*

Rasheed Karim Allen
Attorney for Plaintiff
Florida Bar Number: 88525